ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 22, 2010

The Honorable Jane Nelson
Chair, Health and Human Services Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0763

Re: Whether a municipality is required to receive a petition signed by twenty percent of its qualified voters before calling an election to withdraw from a regional transportation authority (RQ-0824-GA)

Dear Senator Nelson:

You ask whether a municipality is required to receive a petition signed by twenty percent of its qualified voters before calling an election to withdraw from a regional transportation authority.[1] You indicate that, in 2004, the City of Richland Hills held an election to withdraw its membership in the Fort Worth Transportation Authority. Request Letter at 1. You tell us that the voters elected to remain within the Authority. You tell us further that the City Council of Richland Hills is at present considering another withdrawal election. *Id.* You inquire about the process for calling such an election, specifically whether the municipality's authority to call the election is conditioned upon the receipt by the city council of a voter petition.

Section 452.651 of the Transportation Code provides, in relevant part:

> (a) The governing body of a unit of election may order an election to withdraw the unit from an authority. An election ordered under this subsection for a unit of election located in an authority consisting of one subregion governed by a subregional board created under Subsection O may not be held if the governing body rescinds the order and notice of the election before the 45th day before election day.[2]

---

[1]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

[2]Subchapter O is applicable only to "the board of a subregion that has a principal municipality with a population of more than 800,000." TEX. TRANSP. CODE ANN. § 452.571 (Vernon 2007). The population of the City of Fort Worth in 2000 was 534,694. *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION: State and County QuickFacts, *available at* http://quickfacts.census.gov/qfd/states/48/4827000.html (last visited Jan. 21, 2010). As a result, subchapter O does not apply to the facts you present.

> (b) On the determination by a governing body of a unit of election that a petition for withdrawal under this chapter is valid, the governing body shall order an election to withdraw the unit of election from the authority.

TEX. TRANSP. CODE ANN. § 452.651(a)–(b) (Vernon 2007).

In construing a statute, we begin with the proposition that "our primary objective is to ascertain and give effect to the Legislature's intent." *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). We attempt to discern such intent from the actual language used by the Legislature. *See Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000). Statutory words and phrases must "be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005).

Subsection (a) declares that "[t]he governing body of a unit of election *may* order an election to withdraw the unit from an authority." TEX. TRANSP. CODE ANN. § 452.651(a) (Vernon 2007) (emphasis added). The word "'may' creates discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). Subsection (a) authorizes but does not require a municipality to order an election. Subsection (b), on the other hand, provides that "[o]n the determination by a governing body of a unit of election that a petition for withdrawal under this chapter is valid, the governing body *shall* order an election to withdraw the unit of election from the authority." TEX. TRANSP. CODE ANN. § 451.651(b) (Vernon 2007) (emphasis added).[3] The word "'shall' imposes a duty." TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005). As a result, this provision requires a municipality to order an election if a valid petition is submitted in accordance with statute. Moreover, because subsections (a) and (b) are not joined by an "and," it is evident that neither subsection is dependent upon the other. Rather, the two subsections provide two different means of calling a withdrawal election. Thus, while the city council is *required* to call a withdrawal election upon receipt of a valid petition, it is *authorized* to do so in the absence of a petition.[4]

Accordingly, in answer to your question, a municipality is not required to receive a petition signed by twenty percent of its qualified voters before calling an election to withdraw from a regional transportation authority.

---

[3] A withdrawal petition must be signed by not less than twenty percent of the number of registered voters of the unit of election. TEX. TRANSP. CODE ANN. § 452.652(c) (Vernon 2007).

[4] "An election to withdraw may not be ordered, and a petition for an election to withdraw may not be accepted for filing, more frequently than once during each period of 12 months preceding the anniversary of the date of the election confirming the authority." *Id.* § 452.651(c). Because you indicate that the last withdrawal election was held in 2004, this provision does not at present prohibit the calling of a new election.

## S U M M A R Y

A municipality is not required to receive a petition signed by twenty percent of its qualified voters before calling an election to withdraw from a regional transportation authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee